IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       vs.<br><br>EDWIN N. LINDSEY, JR.,<br><br>                    Defendant. | CR. NO. 19-00019 JAO<br><br>**ORDER ON DEFENDANT'S MEMORANDUM REGARDING PARTICIPATION AT TRIAL BY VIDEO TELEPHONE CONFERENCING** |

**ORDER ON DEFENDANT'S MEMORANDUM REGARDING PARTICIPATION AT TRIAL BY VIDEO TELEPHONE CONFERENCING**

Defendant Edwin N. Lindsey, Jr. ("Defendant") filed a memorandum requesting that the Court permit Defendant to waive his physical appearance at trial and participate in the trial by video telephone conferencing ("VTC"). ECF No. 127. In the alternative, Defendant requests that the Court continue the trial.

**I.     BACKGROUND**

At a status conference on August 13, 2020, Defendant stated that he wished to attend the jury trial by VTC due to concerns regarding the COVID-19 pandemic. ECF No. 115. The Court directed the parties to submit briefing addressing Defendant's request. *Id.* Trial is currently set to commence on February 16, 2021. ECF No. 116.

On October 16, 2020, Defendant filed his Memorandum Regarding Participation at Trial by Video Telephone Conferencing ("Pretrial Memorandum"), requesting that he be permitted to execute a "Waiver Of His Physical Presence At Trial" so that he can attend the trial by VTC. ECF No. 127. In the alternative, Defendant requests that the trial be continued until the COVID-19 pandemic has ended. *Id.* at 9.

In its October 28, 2020 response, the Government urges the Court to deny Defendant's request to appear at the trial by VTC and argues that the trial should proceed as currently scheduled. ECF No. 130. Defendant submitted a reply on October 31, 2020. ECF No. 131.

## II. DISCUSSION

### A. Defendant's Request to Appear by VTC

In his Pretrial Memorandum, Defendant addresses two legal obstacles to his request to appear at the trial by VTC: (1) Defendant's right under the Sixth Amendment to be confronted by the witnesses against him; and (2) the requirement in Federal Rule of Criminal Procedure ("FRCP") 43 that Defendant be physically present at trial. ECF No. 127. The Government raises a third obstacle in its Response to the Pretrial Memorandum: the requirement in FRCP 26 that testimony of witnesses be taken in open court. ECF No. 130 at 4. Because the Court concludes that Rule 43 requires Defendant's physical presence at trial, the

Court need not reach the parties' arguments regarding the Sixth Amendment or Rule 26.

"[T]he defendant must be present at . . . every trial stage, including jury impanelment and the return of the verdict[.]" Fed. R. Crim. P. 43(a)(2). And it is clear from case law that Rule 43 requires *physical* presence, not presence by VTC or some other remote means. *See Valenzuela–Gonzalez v. U.S. Dist. Ct. for the Dist. of Ariz.*, 915 F.2d 1276, 1281 (9th Cir. 1990) ("Absent a determination by Congress that closed circuit television may satisfy the presence requirement of the rules, we are not free to ignore the clear instructions of Rule[] . . . 43."); *see also United States v. Navarro*, 169 F.3d 228, 239 (5th Cir. 1999) ("We conclude that sentencing a defendant by video conferencing does not comply with Rule 43 because the defendant is not 'present.'"); *United States v. Williams*, 641 F.3d 758, 764 (6th Cir. 2011) ("Consistent with the results reached by our sister circuits, we agree that a district court may not conduct a sentencing hearing by video conference. The text of Rule 43 does not allow video conferencing. . . . Rule 43 requires that the defendant be present, which simply cannot be satisfied by anything less than physical presence in the courtroom."); *United States v. Zander*, 705 F. App'x 707, 709–10 (10th Cir. 2017) (reversing a sentence where the defendant was sentenced by videoconference, and remanding for resentencing). Significantly, when it passed the Coronavirus Aid, Relief, and Economic Security

Act, Congress temporarily abrogated the requirement that criminal defendants appear in person for sentencing but did not abrogate the requirement for trials. Pub. L. No. 116-136, § 15002(b), 134 Stat. 281, 527–30 (2020).

Moreover, Rule 43 provides that "[a] defendant who was initially present at trial . . . waives the right to be present" under three circumstances:

> (A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
> (B) in a noncapital case, when the defendant is voluntarily absent during sentencing; or
> (C) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.

Fed. R. Crim. P. 43(c)(1).

Rule 43 therefore requires a criminal defendant's physical presence at trial, subject to certain exceptions. Given that a defendant's voluntary absence throughout trial is not such an exception, Rule 43 does not allow a defendant to "waive" the requirements of Rule 43 by absenting himself from the entire trial.[1]

The Court is not persuaded by Defendant's attempt to distinguish several cases the Government cites in support of the proposition that a defendant cannot

---

[1] The Court notes that, under Rule 43, Defendant could potentially attend the first day of trial in person and then voluntarily appear thereafter via VTC. But because he does not propose this arrangement, the Court does not address whether it is a legally viable option.

4

voluntarily absent himself from trial. Defendant argues in his Reply that each of the cases cited by the Government are limited to scenarios in which the identification of the defendant was an issue at trial, and that the need for such identification was what compelled the defendant's presence. ECF No. 131 at 2–3. In one case, the Third Circuit explained,

> While Rule 43 does permit the court to continue the trial when the defendant absents himself, it does not, concomitantly, vest a *right of absence* in a defendant. Moreover, there is no perceptible due process violation by demanding that the defendant attend trial, even where such identification is an integral part of the issues before the jury.

*United States v. Moore*, 466 F.2d 547, 548 (3d Cir. 1972) (per curiam). Defendant omitted the word "even" when he quoted this passage, arguing that the defendant must only attend trial in cases in which identification of the defendant is an issue. ECF No. 131 at 2. But it is clear from *Moore* that the rule applies *regardless* of whether identification of the defendant is an issue. It is likewise clear from the other two cases Defendant attempts to distinguish that the rule that a defendant cannot voluntarily absent himself from trial is not limited to cases in which identification of the defendant is an issue. *See United States v. Fitzpatrick*, 437 F.2d 19, 27 (2d Cir. 1970) (holding that Rule 43 "does not give a defendant a right to absent himself from the courtroom, especially when his identification is the focal point of his trial"); *United States v. Lumitap*, 111 F.3d 81, 83 (9th Cir. 1997) (describing the defendant's assertion that Rule 43(b) "provides implicit support for

[the] view that a defendant has a right to affirmatively waive his presence at trial to avoid being identified" is "faulty" and not supported by any case law (footnote omitted)).

Because Defendant's physical presence at trial is required by Rule 43, the Court denies Defendant's request to attend the trial by VTC.

### B.     Defendant's Request for a Continuance

Defendant requests that the trial be continued until after the COVID-19 pandemic has ended if his request to appear at the trial by VTC is denied. Defendant explains that he has four underlying medical conditions that, according to guidelines from the Centers for Disease Control and Prevention, place him at greater risk of the most severe effects of COVID-19 should he contract SARS-CoV-2 (the virus that causes COVID-19).  ECF No. 127 at 2.  While the Court is sympathetic to Defendant's health concerns, trial is still almost three months away. Neither the Court nor Defendant is able to predict with any degree of certainty what the status of the pandemic will be in Hawaiʻi by the time the trial date arrives, particularly in light of promising news regarding various vaccine candidates.  As such, Defendant's request for a continuance is premature.  However, the Court will hold a status conference on December 14, 2020 at 11:00 a.m. so that Defendant's request can be revisited.

## III. CONCLUSION

For the reasons set forth above, Defendant's request for relief in his Pretrial Memorandum is DENIED. Defendant's request to appear at the trial by VTC is DENIED WITH PREJUDICE. Defendant's request to continue the trial is DENIED WITHOUT PREJUDICE. The Court shall revisit Defendant's request for a continuance at a status conference on December 14, 2020 at 11:00 a.m. Further, the parties should be prepared to discuss the logistics of the January 7, 2021 hearing on Defendant's Motion to Suppress Evidence at the December 14, 2020 status conference.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, November 24, 2020.

Jill A. Otake
United States District Judge

Cr. No. 19-00019 JAO, *United States of America v. Edwin N. Lindsey, Jr.*;
ORDER ON DEFENDANT'S MEMORANDUM REGARDING
PARTICIPATION AT TRIAL BY VIDEO TELEPHONE CONFERENCING